THOMAS A. DOSIK (AK BAR NO. 9505018)
SONJA D. KERR (AK BAR NO. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE:   (800) 478-1234/907-565-1002
Email:   tdosik@dlcak.org
Email:   skerr@dlcak.org

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| Disability Law Center of Alaska )<br>          Plaintiff, )<br> )<br>vs. )<br> )<br>Alaska Psychiatric Institute, )<br>("API"), and Ron Adler, in his )<br>official capacity as Executive )<br>Director, )<br>          Defendants. ) | **COMPLAINT FOR TEMPORARY RESTRAINING ORDER** |

1. Plaintiff, the Disability Law Center of Alaska ("DLC") is the federally mandated Protection and Advocacy Agency for the State of Alaska

2. Defendant Alaska Psychiatric Institute (API) is a hospital owned and operated by the State of Alaska that provides inpatient psychiatric care to patients from all regions of Alaska.

3. Defendant Ron Adler is the Executive Director of API.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

6. On March 5, 2006, API staff forcibly discharged a patient against his will. API staff left this patient outside, in sub-freezing temperatures, completely naked.

The patient was later picked up by the Anchorage Police Department because he was causing a traffic disturbance. He was taken to Providence Hospital, and then, upon information and belief, was later returned to API.

7. The March 5 incident was captured on video by the surveillance camera placed at the main entrance to API.

8. The DLC has a federal mandate to investigate instances of abuse and neglect occurring at all facilities within the state that serve people with physical and mental disabilities.

9. The DLC has probable cause to believe that the March 5 incident involved the abuse and neglect of a patient at API.

10. Pursuant to Federal Laws and regulations, API is required to provide DLC with access to all records necessary to conduct an investigation of possible abuse and neglect.

11. The video footage of the March 5 incident is necessary to complete an investigation of the incident.

12. DLC has reason to believe that the video record may be altered or destroyed if API is not ordered to make it available to DLC. DLC also has reason to believe that the video record may be altered or destroyed when API becomes aware that DLC is investigating this incident.

WHEREFORE:

Plaintiff DLC respectfully requests that this Court grant the following relief

    A. An Ex Parte Order requiring API to make available the video record of the March 5 incident to DLC.

DLC v. API
COMPLAINT FOR TEMPORARY
RESTRAINING ORDER

B. Such other relief as is just and proper.

Done this 22 day of March, 2006.

_____
THOMAS A. DOSIK (AK BAR NO. 9505018)

_____
SONJA D. KERR (AK BAR NO. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE:   (800) 478-1234/907-565-1002
Email:            skerr@dlcak.org
Email:            tdosik@dlcak.org

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002     Fax 907-565-1000
1-800-478-1234

DLC v. API
COMPLAINT FOR TEMPORARY
RESTRAINING ORDER

Page 3 of 3