UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Disability Law Center of Alaska<br>Plaintiff,<br><br>vs.<br><br>Alaska Psychiatric Institute,<br>("API"), and Ron Adler, in his<br>official capacity as Executive<br>Director,<br>Defendants. | Affidavit of Joshua Fink |

## AFFIDAVIT

Comes now, Josh Fink, being duly sworn, deposes and says:

1. I am the Director of the Office of Public Advocacy of the State of Alaska (OPA). OPA's function is to protect the rights of vulnerable Alaskans by providing legal and guardian representation to abused and neglected children, incapacitated adults, and others. OPA only represents clients when it is appointed to do so by the court.

2. On Thursday March 16, 2006, two individuals, employees at the Alaska Psychiatric Institute (API), contacted me regarding three recent incidents at that facility.

3. Said individuals expressed their desire to remain anonymous, citing their concern that if API administration became aware of their role in any potential investigation they would be subject to retaliation. Respecting their wishes on this matter I did not share their names with the DLC staff when we met to discuss the incidents.

4. Said individuals reported the first incident that occurred at approximately 5:00pm on Sunday March 5, 2006 involving an API patient with a mental illness named Stephen Jenkins. Mr. Jenkins was forcibly discharged from API, and at the time of his discharge, was unclothed. Mr. Jenkins is not an OPA client.

5. The above incident was reportedly captured on API's security cameras, which according to the reporting individuals, are generally saved for a period of 30 days.

OFFICE OF PUBLIC ADVOCACY
Assembly Bldg., Rm 103 / P.O. Box 110225
Juneau, Alaska 99811-0225 / Fax: (907) 465-3645
Phone: (907) 465-4173 Public Guardian
Phone: (907) 465-4162 Guardian ad litem

6. Said individuals reported a second recent incident involving another API patient with a mental illness named Warren Tetpon. Mr. Tetpon was discharged from API. After his discharge Mr. Tetpon died. The exact cause of death is at this time unknown, but the reporting individuals believe that his death was due to exposure, and potentially suicide. Mr. Tetpon is not an OPA client.

7. Said individuals also allege that the records of Mr. Tetpon were changed, at the urging of API administration, in an attempt to remove all references of suicide attempts from the record.

8. Said individuals reported a third incident involving an unnamed API patient with a mental illness. This patient was involved in an altercation with staff and as a result received several serious blows. After this incident, the Anchorage Police Department was called and the patient was charged with assault.

9. Said individuals also expressed concerns regarding DLC's method of obtaining this security video. The individuals stated that they believed the video would be altered or deleted if API administration knew of DLC's interest in it.

10. After receiving this report, I contacted David Fleurant, Executive director of the Disability Law Center of Alaska because I believed that these reports are serious and require investigation by that agency. We met to discuss the incidents on Monday March 20, 2006.

11. While I cannot vouch for the veracity of these reports, I believe that the reports are serious and that actions should be taken to follow-up on the reports, to secure the security tape before it is destroyed, and that the reports should be investigated.

Further affiant saith not.

Dated this 21st day of March, 2006.

_/s/ John V. Fink_
Joshua Fink

_/s/ William N. Herman_
Subscribed and sworn to before me
this 20th day March, 2006.

Commission expires 11/30/06