Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Tel. (907) 565-1002
Fax (907) 565-1000
hollyj@dlcak.org
Alaska Bar No. 0511103
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Disability Law Center of Alaska,                    ) | |
|        Plaintiff                                         ) | |
|                                                               ) | |
| vs.                                                                 ) | Case No. 3:06-cv-62 (TMB) |
|                                                               ) | |
| Alaska Psychiatric Institute, and Ron Adler ) | |
| in official capacity as Executive Director,      ) | |
|        Defendants.                                     ) | |
| _____) | |

## MOTION TO COMPEL COMPLIANCE WITH COURT ORDER
## (SHORTENED TIME)

Comes now, Plaintiff Disability Law Center of Alaska and requests that this court compel the Defendants to comply with this Court's order dated April 21, 2006 and states as follows:

1. The Disability Law Center of Alaska (DLC) has requested numerous times, beginning on Wednesday, May 3, 2006, a copy of the internal investigation prepared by Alaska Psychiatric Institute (API) relating to the March 5, 2006 incident involving Steven Jenkins.

    a. On Wednesday, March 3, 2006, I orally requested a copy of API's internal investigation from Blair Christensen. See Affidavit of Holly Johanknecht.
    b. On Wednesday, March 3, 2006, I sent an emailed letter to Blair Christensen reiterating my request for the internal investigation and providing her with the applicable statutes for our access authority See Exhibit A to Affidavit of Holly Johanknecht.

*DLC v. API*                                                                                                    Page 1 of 4
Case No. 3:06-cv-062(TMB)
Motion to Compel Compliance with Court Order

      c. On Monday, May 8, 2006, I sent an emailed letter to Blair Christensen reiterating our request for the internal investigation.. See Exhibit B to Affidavit of Holly Johanknecht.

      d. On Monday, May 8, 2006, I received an emailed letter from Blair Christensen stating that they were researching our access authority. See Exhibit C to Affidavit of Holly Johanknecht

      e. On Monday, May 8, 2006 I sent, by email and facsimile, a letter to Blair Christensen, Stacie Kraly and Holly Chari repeating our request for the internal investigation and asking them to provide the report within twenty-four hours. See Exhibit D to Affidavit of Holly Johanknecht.

      f. On Wednesday, May 10, 2006, I orally requested a copy of the internal investigation from Blair Christensen. See Affidavit of Holly Johanknecht

      g. On Wednesday, May 10, 2006, Blair Christensen orally asserted that she would let me know the Attorney General's decision regarding providing us with a copy of the internal investigation that day.

      h. On Wednesday, May 10, 2006, I sent an emailed letter to Blair Christensen confirming her oral statement that she would inform me of the Department of Law's decision regarding the internal investigation that day. See Exhibit E to Affidavit of Holly Johanknecht

      i. On Wednesday, May 10, 2006 I sent an emailed letter to Blair Christensen inquiring about the Department of Law's decision regarding the internal investigation. See Exhibit F to Affidavit of Holly Johanknecht.

      j. On Thursday May 11, 2006, I received an emailed letter from Blair Christensen stating that the Department of Law had not come to a decision regarding the internal investigation and that a decision would not be reached until Monday, May 15, 2006 at the earliest. Ms. Christensen also stated that "We do understand that you may determine that you need to file something with the court to resolve this issue sooner." See Exhibit G to Affidavit of Holly Johanknecht.

      k. On Thursday, May 11, 2006, I sent an emailed letter to Blair Christensen urging the Department of Law to come to a quick decision in order to avoid involving the court. See Exhibit H to Affidavit of Holly Johanknecht.

2. DLC, through the PAIMI Act, 42 U.S.C. § 1081 *et seq.* and the regulations promulgated thereunder, has asserted its statutory right to access this information.

3. The Court's order, dated April 21, 2006 (Docket #22) required API to "provide access to patients, staff, administrators and records, as provided by PAIMI, 42 U.S.C. § 10801 *et seq.* and the regulations promulgated thereunder, to enable

        DLC to complete its investagatory responsibilities with regard to the incident occurring on March 5, 2006 at API."

4. PAIMI regulation 42 C.F.R. 52.41(c)(2) clearly states that DLC has a right to obtain copies of "[r]eports prepared … by or for the facility itself". DLC has provided this citation to the Defendants on several occasions.

5. In DLC and API's status report to the Court, filed April 11, 2006 (Docket #19), API agreed to "cooperate in providing access to patients, staff, administrators and records, including copies as requested, to enable DLC to complete its investigatory responsibilities within 30(thirty) days of this date."

6. In the status report filed jointly by both parties (Docket #19), API agreed to provide access in order to enable DLC to complete its investigation within 30 (thirty) days of the date the report was filed. The 30 (thirty) day period ends today.

7. 42 C.F.R. 51.41(a) requires that access to records "shall be extended promptly" to DLC. At this date eight days have lapsed from our initial request for the internal investigation report and the filing of this motion and as of this date, we have not yet received the requested documents. This length of time can hardly be considered prompt, especially given the relatively short time frame (thirty days) agreed upon by the parties in their joint status report to the Court.

8. Due to API's refusal to provide DLC with access to this report, as well as their reluctance to provide DLC with other requested access to records and staff without this Court's intervention, DLC will be unable to meet this deadline for the completion of its report.

      WHEREFORE, DLC requests that API immediately deliver to DLC any and all internal investigations prepared by API regarding the March 5, 2006 incident involving Steven Jenkins, including the final report, and the report in its present state (if not final), reports and records, including personnel records, prepared or maintained by the facility in connection with such reports of the incident, any supporting information that was relied upon in creating the report including all information and records used or reviewed in preparing the report, any physical or documentary evidence and any and all investigative findings. DLC further requests the Court order API pay the attorney's fees associated with the filing of this motion.

Done in Anchorage, Alaska on May 11, 2006.

                          DISABILITY LAW CENTER OF ALASKA

By:       /s Holly J. Johanknecht
        Holly J. Johanknecht
        Disability Law Center of Alaska
        3330 Arctic Blvd., Suite 103
        Anchorage, Alaska 99503
        Tel. (907) 565-1002
        Fax (907) 565-1000
        hollyj@dlcak.org
        Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 11th day of May, 2006, a true and correct copy of this document was served electronically on:

Staci Kraley
Assistant Attorney General
PO Box 110300
Juneau, AK 99811


     /s Holly J. Johanknecht
     Holly J. Johanknecht

*DLC v. API*    Page 4 of 4
Case No. 3:06-cv-062(TMB)
Motion to Compel Compliance with Court Order