DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stacie L. Kraly
Chief Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
Phone: (907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　　　)<br>ALASKA PSYCHIATRIC )<br>INSTITUTE, and RON ADLER, )<br>IN HIS OFFICIAL CAPACITY )<br>AS EXECUTIVE DIRECTOR, )<br>　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　　　) | Case No. 3:06-cv 00062 (TMB) |

**OPPOSITION TO MOTION TO COMPEL RE: MOOTNESS**

On May 11, 2006, the Disability Law Center (DLC) filed a Motion to Compel Compliance with Court Order (Shortened Time), alleging that the Defendants, Alaska Psychiatric Institute and Ron Adler, in his official capacity as Executive Director (collectively API), failed to comply with the court's order dated April 21, 2006, because

it had not turned over API's internal investigative report (report) of the March 5, 2006 incident. API requests that the court dismiss the motion under the doctrine of mootness and deny the request for attorney fees because the facts as presented by the DLC demonstrate that API's ongoing efforts to determine whether the report was disclosable were inherently reasonable and not done for the purpose of delay.[1]  Further, the report will be disclosed to the DLC on May 18, 2006.

API does not dispute the facts as stated by the DLC in their motion. Those facts clearly establish that API and the DLC were actively involved in discussions related to the request to turn over the report. Ms. Johaneknect of the DLC and Ms. Christensen of the Department of Law were engaged in daily discussions in person, by phone and by email related to this request. Ms. Christensen notified Ms. Johaneknect that she was required to confirm the basis for the request—whether the report is a document to which the DLC is entitled—and needed to discuss this request with her direct supervisor (the undersigned) and senior management within the Department of Law. Ms. Christensen notified Ms. Johanknect on May 11, 2006, that she could not respond to the request before the week of May 15, 2006, because she was out of town and senior management was not available to discuss the legal issues involved.

---

[1] Despite the provisions of 42 C.F.R. 51.32, the DLC sought court relief prior to API making a final determination that the report was not disclosable. The federal regulations require that the DLC employ techniques such as negotiations, conciliation and mediation to resolve disputes. It is API's position that we were engaging in such efforts in good faith, but were cut short based upon the filing of this motion.

As stated previously, Ms. Christensen informed Ms. Johaneknect of the need to research the basis for this request to ensure that in disclosing the report the Department of Law is complying with the letter and intent of the PAMI statutes set forth at 42 U.S.C. § 10801 et seq. and regulations set forth at 42 C.F.R. 51.1 et. seq. During the research, the question arose as to whether this document would be considered peer review and thus not subject to disclosure.[2] Upon review of the report, consultation with API, and legal research under the PAMI statutes and regulations, it was determined that the report is not peer review and is therefore disclosable.[3]

In addition, in light of the ongoing cooperation between the Department of Law and API in attempting to meet this request (and all requests made by the DLC during this investigation) and ensure that any disclosure complied with the federal laws governing the PAMI investigations and access to records, the request for attorneys' fees should be denied. The Department of Law acted within a reasonable timeframe and will

//

//

---

[2]   42 C.F.R. 51.41(c)(4).

[3]   Despite the determination that the document is not peer review, API still asserts that the document is privileged and confidential under the deliberative process privilege and is subject to the provision restricting further disclosure or re-disclosure under 42 U.S.C. § 10806.

provide the report on May 18, 2006, the motion to compel should be dismissed and the request for attorney's fees should be denied.

Dated this 17th day of May, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:  s/Stacie L. Kraly
Chief Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
Phone: (907) 465-3600
Fax: (907) 465-2539
stacie_kraly@law.state.ak.us
Alaska Bar No. 9406040


CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2006, a copy of foregoing was served electronically on the following parties of record:

Thomas Dosik, Esq.
Sonja Kerr, Esq.
Disability Law Center of Alaska, Inc.
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

_____
s/Stacie L. Kraly