


DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stacie L. Kraly
Chief Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
Phone: (907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA, <br>             Plaintiff, <br><br> vs. <br><br> ALASKA PSYCHIATRIC INSTITUTE, and RON ADLER, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR, <br>             Defendants. | Case No. 3:06-cv 00062 (TMB) |

## REPLY TO SECOND OPPOSITION TO MOTION FOR PROTECTIVE ORDER

The Disability Law Center (DLC) essentially argues three points in its opposition: (1) that the motion should fail under procedural grounds; (2) that the court does not have authority to amend the DLC investigative reports; and (3) the doctors have not established that the information that is being divulged is intimate or sensitive;

therefore, there is no privacy interest to protect. API replies to each argument as follows.

1. <u>Procedural deficiencies.</u>

The court requested supplemental briefing on the matters raised by API in the hearing held on July 27, 2006. API complied with that order and did not move under Rule 65.

As stated in the initial brief filed by API on July 25, 2006, Federal Civil Rule 1 provides that the civil rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." As stated previously, API sought a protective order as the most appropriate process for the situation it found itself facing.

This was because API was not seeking to stop the release of the report, only the names of the doctors. This decision seemed reasonable then, and does now. API did not change course at this point and file a Motion for Preliminary Injunction, because the court requested further briefing. API believed initially, and continues to believe, that the use of a TRO for this matter would be overstating the matter and the issues.

2. <u>The court does not have the authority to amend the DLC investigative report.</u>

As stated by the DLC, there is no law on this precise issue; however, as stated in API's initial brief, the court's oversight role is broad enough to permit the court to ensure that any report that is issued complies with the state and federal constitutions as

well as the governing statutes and regulations. Again, it is important to note that API does not dispute the right of DLC to investigate, report, and to publicize that report.

However, the authority granted by the PAIMI statutes is not so unlimited that the court does not have the ability to review and correct a flawed process or report.

3. <u>There is no privacy interest alleged here sufficient to grant a protective order.</u>

DLC argues that the disclosure of the doctors' names is not intimate or sensitive and thus does not rise to a protected privacy interest. That position misses the entire point of the Motion for Protective Order – it is not that release of the names in and of itself violates a protected privacy interest; it's how they are released and the fact that in the entire report, despite having interviewed a number of other API employees and other individuals (such as the police), the only names in the substance of the report are the doctors.[1] By naming the doctors how it did and where it did, the DLC wrongly created an inference that the doctors did something wrong, and as a result the DLC has damaged their professional reputation. That is intimate and sensitive and subject to the protection of the privacy clause of the Alaska Constitution.[2]

---

[1] Again, API does not have any issue with the use of Ron Adler's name in the report.

[2] The fact that the doctors have not submitted an affidavit is not relevant to this matter; nor is the fact that they consented to be interviewed in this process. API was cooperating with the investigation and wanted to be accessible; the doctors were no different. However, they did not, by agreeing to be interviewed, waive any privacy rights they might have. Additionally, there is no need to have a personal affidavit alleging fear of damage to professional reputation. That allegation was clearly made in the state's response to the report dated July 17, 2006.

Reply to Second Opposition to Motion
For Protective Order                                                                                                                  Page 3 of 5
Case No. 3:06-cv-00062 (TMB)

Finally, the DLC argues that since it is a nonprofit agency it cannot be held to the same standards as a governmental agency. However, the DLC is a publicly funded agency; therefore, it should be held to the same standards as a governmental agency.[3]

For the foregoing reasons and those set forth in the first and second Motion for Protective Order, API respectfully requests that the court issue a protective order that any report issued by the DLC related to the March 6, 2006, incident not include the names of the doctors.

Dated this 15th day of August 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   s/Stacie L. Kraly
      Chief Assistant Attorney General
      Office of the Attorney General
      P.O. Box 110300
      Juneau, Alaska 99811
      Phone: (907) 465-3600
      Fax:  (907) 465-2539
      stacie_kraly@law.state.ak.us
      Alaska Bar No. 9406040

---

[3] See: http://www.dlcak.org/about/funding.htm#PAIMI. The DLC is primarily funded by federal grants.

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2006, a copy of the foregoing was served by email on the following parties of record:

Thomas Dosik, Esq.
Sonja Kerr, Esq.
Holly J. Johanknect, Esq.
Disability Law Center of Alaska, Inc.

_____
s/Stacie L. Kraly